IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CELESTINE GEORGE, as Administrator of the Estate of Charles I. Braggs, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:22-CV-434-WKW [WO] |
| WEXFORD HEALTH SOURCES, INC., JEFFERSON DUNN, and RUTH NAGLICH, | ) ) ) ) | |
| Defendants. | | |

# **ORDER**

Before the court is Defendants Jefferson Dunn and Ruth Naglich's motion to dismiss or, in the alternative, motion to strike.[1] (Doc. # 19.) Defendants argue that Plaintiff's complaint is an improper "shotgun" pleading, and that the allegations fail to state a claim for various reasons, including Eleventh Amendment immunity and qualified immunity. As to the "shotgun" pleading argument, Defendants are correct. Accordingly, the complaint is due to be stricken, and Plaintiff will be afforded an opportunity to amend.

This case arises from the death of Charles L. Braggs while he was in the custody of the Alabama Department of Corrections. On July 27, 2020, Braggs

---

[1] Defendant Wexford Health Sources, Inc. filed an answer and did not join in the motion to strike. (Doc. # 13.) For purposes of this order, "Defendants" refers to Dunn and Naglich.

1

hanged himself in his cell in solitary confinement at St. Clair Correctional Facility. He was 28. Braggs had been kept in solitary confinement for almost a decade; beginning when he was incarcerated as a teenager. Over a year before his suicide, in his last mental health assessment, Braggs reported auditory hallucinations, sleep disturbances, and paranoid thought content. In the months leading up to his suicide, Braggs was routinely denied any time out of his cell for exercise; moreover, the ADOC failed to conduct weekly mental-health rounds and apparently failed to perform 90-day mental health assessments to determine if segregation caused Braggs to need increased mental-health care. At 8:15 p.m. on July 27, 2020, officers found Braggs dead in his solitary cell. He had been asking for mental-health services for two weeks before he died. None came.

Now, through this action, Celestine George, as Administrator of the Estate of Charles I. Braggs, deceased, seeks compensatory and punitive damages against Defendants for alleged violations of the Eighth Amendment. Plaintiff asserts three counts: (1) "Violation of Eighth Amendment" against Wexford, (2) "Wrongful Death" against Wexford, and (3) "Violation of Eighth Amendment" against Dunn and Naglich. (Doc. # 1 at 25–28.) For all three counts, Plaintiff incorporates 193 factual allegations that range from general facts about the Department's mental health system to specific facts leading up to Braggs's death.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015), and the court has repeatedly and vehemently condemned such pleadings. *See Estate of David Bass v. Regions Bank*, 947 F.3d, 1352, 1358 & n.3 (11th Cir. 2020); *see also Weiland*, 792 F.3d at 1321.

Shotgun pleadings fall into "four rough types of categories." *Weiland*, 792 F.3d at 1323. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Id.* And the fourth complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are

responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* Categories aside, and more to the point, a complaint constitutes an impermissible shotgun pleading when it presents claims in a manner where the defendant cannot "discern what [the plaintiff] is claiming and frame a responsive pleading." *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985).

Although not the worst of its kind, the complaint here is nonetheless a shotgun pleading and violative of Rule 10(b) because it fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claims rests." *Weiland*, 792 F.3d at 1323. Specifically, the complaint fails to state what causes of action it brings against the Defendants under the Eighth Amendment. As Defendants point out, the complaint simply alleges "Violation[s] of [the] Eighth Amendment" in Counts I and III, but it does not state what Eighth Amendment rights were allegedly violated. At its most specific, the complaint alleges (1) Defendants had a duty to refrain from depriving Braggs of his constitutional rights, and (2) Defendants breached that duty through certain policies, practices, and customs, like failing to identify suicide risks adequately. However, absent from the complaint is an indication of which Eighth Amendment rights were allegedly violated; that is, the complaint invokes a constitutional amendment, but it does not articulate the type of claim that is being brought under

4

that amendment, which leaves Defendants only to speculate as to the nature of Plaintiff's claims.  Moreover, the complaint routinely "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions."  *Id.*  And finally, each of the complaints' three counts incorporate the same preceding 193 factual allegations—and this boilerplate usage of factual allegations utterly fails to "precisely parcel out and identify the facts relevant to each claim," which materially increases the difficulty of understanding exactly what allegations underlie each claim.  *Id.*

Altogether, the complaint violates pleading requirements by failing to adequately notify the Defendants, or the court, of the nature of the complaints' claims.  Accordingly, it is therefore ORDERED:

1. Defendants' motion (Doc. # 19) is GRANTED IN PART.

2. Plaintiff's complaint (Doc. # 1) is STRICKEN under Rule 12(f) of the Federal Rules of Civil Procedure.

3. Plaintiff shall replead his complaint **on or before June 30, 2023**, in conformity with Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure, the Eleventh Circuit's instructions on pleading, and the following directives:

    a. In each count, Plaintiff must specifically articulate what claims she is bringing under the Eighth Amendment or other law.

b. Each count must include *non-conclusory* factual allegations supporting liability, including, for the constitutional claims, the personal knowledge, actions, and/or omissions of each Defendant that constitute the violation or that are causally connected to the violation.

4. The remaining portions of Defendants' motion (Doc. # 19) are DENIED without prejudice as moot.

DONE this 1st day of June, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE